## THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:21CR95 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARWIN D. HUTCHINS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant Darwin Hutchins. Doc. 21. The Government timely opposed the motion. Doc. 22. Hutchins then replied in support of his motion.  Doc. 23.  Because Hutchins does not dispute the facts underlying his traffic stop and subsequent seizure, the Court finds that an evidentiary hearing is unnecessary. Upon review of the relevant filings and applicable law, the Court DENIES the pending motion.

At roughly 11:30 p.m. on November 4, 2020, officers in the area of East 55th Street and Central Avenue in Cleveland, Ohio observed a black Mercedes SUV fail to stop at a red light at the intersection of those two streets.  The officers briefly lost sight of the vehicle over the span of several minutes.  However, officers then viewed what they believed to be the same black Mercedes SUV traveling on a nearby street.  Officers tracked the movement of the vehicle and executed a traffic stop at East 55th Street and Euclid Avenue.   As officers approached the vehicle, they witnessed the driver reach toward his waistband and then the floor of the vehicle.  Officers instructed the driver repeatedly to stop reaching down toward his waist, but the driver refused to obey their

commands.   Because of the nature of a traffic stop and the driver's refusal to obey the officer's commands, the driver was removed from the vehicle at the start of the stop. Upon removing the driver, officers saw in plain view a handgun sticking out from under the driver's seat.  The driver was subsequently identified as Hutchins.

Hutchins first contends that officers lacked probable cause to effectuate the traffic stop.  The Court disagrees.

"[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of th[e] [Fourth] Amendment[ ], even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653, (1979). An automobile stop is reasonable where the police have probable cause to believe that a traffic violation has occurred. *See id.*  "[P]robable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'"  *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).

Hutchins contends that because officers briefly lost sight of the black Mercedes SUV that any subsequent stop of a similar vehicle was based only on "mere suspicion." Hutchins has offered no law to support this conclusion.  Moreover, this Court's review of the totality of the circumstances cannot support his conclusion.  Officers did not simply begin pulling over every vehicle that was similar to the vehicle they witnessed run the red light.  Instead, they focused on the immediate area surrounding the location of the traffic violation.  Moreover, there was no wide-ranging, lengthy search.  Officers executed the stop within minutes of witnessing the infraction.  Moreover, the Court takes into account that the stop occurred at 11:30 at night and was executed on a luxury vehicle – a black

Mercedes SUV.  Given the totality of the circumstances, officers had probable cause to believe that Hutchins' SUV was the same SUV that they had just witnessed run a red light.

Hutchins next contends that officers had no basis to remove him from the vehicle. It is well-established that, during a traffic stop, an officer may order passengers out of the vehicle pending the completion of the stop. *Maryland v. Wilson*, 519 U.S. 408, 414–15, (1997). The officers do not need independent justification to remove the driver or passengers from the vehicle. *Id*. at 413 & n.1. This is so, in large part, because traffic stops are "fraught with danger" for police officers. *Michigan v. Long*, 463 U.S. 1032, 1047 (1983).  Accordingly, Hutchins' argument that officers could not remove him from the vehicle lacks merit.

Based upon the above, Hutchins' motion to suppress is DENIED.

IT IS SO ORDERED.


October 11, 2021                                    /s/ Judge John R. Adams
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT COURT