# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DARWIN DWAYNE HUTCHINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>) | CASE NO.:  1:24-cv-01316<br>           1:21-cr-00095<br><br>JUDGE JOHN R. ADAMS<br><br><br>**MEMORANDUM OF OPINION AND ORDER**<br>(Resolves Docs. 100, 101, 108, 109, 110, 111, 117, 125, 129, 130) |

This matter is before the Court upon Darwin Dwayne Hutchins' ("Hutchins") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 100) and the many supplements filed thereafter (Docs. 103, 107, 116, 131) (collectively, the "Motion"). The United States of America (the "Government") filed the *Response in Opposition to Amended Post-Conviction Motion under 28 U.S.C. § 2255 (ECF's 100 and 107), and Associated Motions (ECF's 108, 109, 110, and 111)*. Doc. 112. Hutchins filed an additional reply. Doc. 128. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

I. PROCEDURAL BACKGROUND

On January 11, 2021, an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) submitted an affidavit indicating Hutchins violated: (i) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) when he possessed with intent to distribute controlled substances, including 10 grams or more of a fentanyl analogue (Count One), (ii) 18 U.S.C. § 922(g)(1) when he was a felon in possession of a firearm (Count Two), and (iii) 18 U.S.C. § 924(c)(1)(A) when he carried a firearm during and in relation to a drug trafficking crime (Count Three). Doc. 1. Based on the affidavit, the Magistrate

1

Judge signed the criminal complaint. Doc. 1. A jury later found Hutchins guilty as to Count Two and could not reach a verdict as to Counts One or Three. *See Minutes of Proceedings*, docket entry dated November 12, 2021. The Government intended to retry Hutchins on Counts One and Three (Doc. 57) but later, he pled guilty to these counts pursuant to a plea agreement (Doc. 59).

On July 27, 2022, the Court sentenced Hutchins to 267 months' imprisonment as to Counts One and Two, with a consecutive 60 months as to Count Three. Doc. 71. Hutchins filed the *Notice of Appeal* (Doc. 73) and the Sixth Circuit affirmed. *See United States v. Hutchins*, No. 22-3655, 2023 U.S. App. LEXIS 30303, at *14–15 (6th Cir. Nov. 13, 2023).

Hutchins then filed the instant Motion, wherein he argues that he was denied effective assistance of counsel at essentially every step of the criminal proceedings.

II.     **LEGAL STANDARD**

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Hutchins' claims of ineffective assistance of counsel fall in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the

issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). Further, counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation marks omitted). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

### III. ANALYSIS

#### a. Dispute as to the Underlying Traffic Stop

Hutchins first argues that trial counsel was ineffective because they failed to dispute the facts of the underlying traffic stop that gave rise to the charges in this case, which caused prejudice when the Court denied Hutchins' motion to suppress without an evidentiary hearing. Doc. 100 at p. 4, Doc. 107 at p. 104. In his reply, Hutchins adds his account of the traffic stop and attempts to relitigate the motion to suppress by claiming he is not addressing the same argument affirmed by the Sixth Circuit. Doc. 128.

"Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what

agreements to conclude regarding the admission of evidence." *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018) (internal citation and quotation marks omitted). This includes evidence to be offered or challenged by a motion to suppress. *See United States v. Holt*, No. 4:14 CR 00103, 2019 U.S. Dist. LEXIS 198494, at *5 (N.D. Ohio Nov. 14, 2019). While Hutchins' may not have agreed with how trial counsel argued the motion to suppress, he has not provided any information or argument as to how the performance was deficient or prejudicial. *See Bullard* at 661. Accordingly, this ground for relief is denied.

b. **Subpoena of Camera Evidence**

Hutchins next argues that trial counsel was ineffective when they did not subpoena body or pole camera footage of the underlying traffic stop. Doc. 100 at p. 5, Doc. 107 at p. 5. The basis of this argument is unclear, but after review of Hutchins' reply, it appears he attempts to argue that the underlying traffic stop was a felony stop, rather than a traffic stop, and the camera footage would show how his rights were somehow violated. Doc. 128 at pp. 18–21. Hutchins supports this ground for relief by suggesting that in a traffic stop, blue law enforcement vehicle lights would be turned on before pulling an offending vehicle over. Doc. 128 at p. 20. Here, however, Hutchins claims he was stopped without blue lights, blocked in by unmarked vehicles, and ordered out of his vehicle, suggesting the stop was a felony stop. *Id.*

"An officer may stop a car based on mere reasonable suspicion that a felony has occurred or that a misdemeanor is occurring." *United States v. Stevenson*, 43 F.4th 641, 644 (6th Cir. 2022) (internal citation and quotation marks omitted). However, probable cause is needed for a traffic stop – when the officer suspects only the completed violation of a civil traffic code. *United States v. Winters*, 782 F.3d 289, 296 (6th Cir. 2015). Where an officer possesses probable cause, he possesses reasonable suspicion. *Stevenson* at 645.

First, "a lawful [traffic] stop begins when a vehicle is pulled over for investigation of a traffic violation." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009). While the activation of blue lights is ordinary or standard for a traffic stop, the law does not require them. So, the alleged lack of blue lights did not make the stop a "felony takedown" as Hutchins classifies it. Further, when the officers ordered Hutchins out of the car after seeing him trying to hide something near the center console (*Transcript of Jury Trial Volume 3*, Doc. 84 at pp. 262–63), these actions did not change the scenario to a felony stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111-12 (1977) (A police officer may order an individual out of the car if there is a reasonable belief they are armed and dangerous.) Therefore, any camera footage including blue lights and the officers ordering Hutchins out of his vehicle[1] would not have characterized the stop as a felony stop, and accordingly would have no impact on the outcome of his case. As such, trial counsel's decision to not subpoena camera footage was not prejudicial and, therefore, does not meet part two of the *Strickland* test. *See Bullard* at 661.[2] This ground for relief is denied.

### c. Failure to Request Dismissal Based on Government Witness

Hutchins next claims that trial counsel should have requested a dismissal based on the Government failing to call a key witness, Officer McGrath. Doc. 100 at p. 7, Doc. 107 at p. 7. Hutchins argues that Officer McGrath witnessed the alleged traffic violation that gave rise to the underlying traffic stop, therefore he was a crucial witness to the Government's case against Hutchins. Doc. 107 at p. 7.

---

[1] As noted by the Government, the record indicates camera footage of the stop does not exist. Doc. 112 at p. 15.
[2] Hutchins has also moved this Court to subpoena camera footage (Docs. 101, 111). Those motions are similarly DENIED.

First, the Government properly concludes that McGrath was not a necessary witness because although he observed the traffic violation, the violation (running a red light) was not an element of the crimes charged in this case. Doc. 112 at p. 16. Further, the Sixth Amendment does not require the Government to call a particular witness to prove its case, or to call all witnesses competent to testify. *United States v. Bryant*, 461 F.2d 912, 916 (6th Cir. 1972). Accordingly, any objection or request for dismissal based on this would have been futile, therefore Hutchins has not shown any deficiency in trial counsel's failure to do so. *See Strickland* at 688. This ground for relief is denied.

### d. Failure to Advocate for Lesser-Included-Offense

Hutchins also argues that trial counsel was ineffective when he did not ask the Court to instruct the jury as to the lesser-included-offense of possession [rather than possession with intent to distribute] as to Count One. Doc. 100 at p. 8, Doc. 107 at p. 9.

"District courts should give a lesser-included-offense instruction when (1) the defendant requests the instruction, (2) the lesser offense's elements are a subset of the greater offense's elements, (3) the evidence supports a conviction on the lesser offense, and (4) the parties sufficiently dispute the element differentiating the two crimes, such that a reasonable jury might convict on the lesser offense while acquitting on the greater offense." *United States v. Jordan*, 100 F. 4th 714, 724 (6th Cir. 2024). At trial, a Government witness spoke to Hutchins' intent to distribute. He testified that an average drug user possesses about one (1) gram of fentanyl, whereas Hutchins possessed 18 grams; Hutchins had fentanyl analogue, a substance often associated with distribution; additionally, Hutchins possessed multiple scales and a firearm, which are generally associated with drug trafficking [rather than plain drug use]. *Transcript of Jury Trial Volume 3*, Doc. 84 at pp. 368–71. Hutchins did not dispute his intent to distribute [the element differentiating

6

the two crimes] either through direct evidence or cross-examination, therefore the lesser-included-offense instruction was not required. *See Jordan* at 724. Further, the jury did not reach a verdict as to Count One, which Hutchins later pled guilty to. As Hutchins has not shown any prejudice caused by trial counsel's decision to not request the lesser-included-offense jury instruction, counsel's performance was accordingly not ineffective. *See Bullard* at 661. This ground for relief is denied.

      e. **Failure to Object to Audio Call**

Hutchins next claims that the Government played a recording of one of his jail calls during trial, but did not provide it to him during discovery, and his trial counsel should have objected accordingly. Doc. 100 at p. 9, Doc. 107 at p. 8. The Government disputes this and states the recording was included in initial discovery materials, referenced in the affidavit supporting the criminal complaint, and again identified in the trial exhibits, therefore it was well-known to Hutchins. Doc. 112 at p. 17. A review of the record as to this matter indicates the Government is correct, therefore Hutchins' claim that trial counsel's performance was deficient when he did not object to the evidence is without merit. Any claim that Hutchins was unaware of the call would have been false. This ground for relief is denied.

      f. **Defense Witness**

Hutchins also argues that trial counsel was ineffective for not calling Dyshenia Crenshaw, Hutchins' passenger during the underlying traffic stop, to testify. Doc. 100 at p. 9, Doc. 107 at p. 9. The record indicates that Ms. Crenshaw was subpoenaed (Doc. 55) and it was Hutchins' decision, confirmed by the Court during trial, to withdraw the subpoena and not call her to testify. *Transcript of Jury Trial Volume 3*, Doc. 84 at p. 364. Accordingly, Hutchins' claim that his counsel

should have called Ms. Crenshaw, when he clarified that it was his decision not to, is disputed by the record and without merit.[3] This ground for relief is denied.

### g. Closing Argument

In his next ground for relief, Hutchins states that trial counsel was ineffective when, during his closing argument, he conceded Hutchins' guilt by telling the jury to find Hutchins guilty as to Count Two (felon in possession of a firearm). Doc. 100 at p. 9, Doc. 107 at p. 10. During closing arguments, trial counsel advocated for Hutchins by differentiating his behavior as to the drugs vs. the firearm:

> So the question is on Count 1, did Mr. Hutchins have these drugs? Was he in possession of them? You heard him talk about the firearm. The firearm was his. Convict him of Count 2. He talked about it. 'I tried to get it out of my coat. I put it down to the side of my seat.' Convict him of Count 2. But Count 1 is possession of the drugs…
>
> *Transcript of Jury Trial Volume 3*, Doc. 84 at pp. 437–38. Counsel's strategy suggested

Hutchins was not guilty of possession of the drugs because he would have admitted to that too. In his reply, Hutchins clarifies that he did not give counsel consent to make this statement, which violated his Sixth Amendment rights. Doc. 128 at pp. 28–29.

When assessing closing arguments, which are part of trial strategy, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In a case with several counts, a concession of guilt on a less serious charge in order to persuade the jury to acquit on more serious charges is valid trial strategy. *See United States v. Creech*, No. 6: 03-23-DCR, 2011 U.S. Dist. LEXIS 7577, at *7 (E.D.

---

[3] Even if Hutchins had not confirmed his support of this decision, his trial counsel would not have been ineffective for not calling a witness. It is the responsibility of counsel to make strategic decisions at trial and sentencing, which includes the decision of whether to call a witness and how to conduct the testimony. *Strickland*, 466 U.S. at 672–73; *Rayborn v. United States*, 489 Fed. Appx. 871, 878 (6th Cir. 2012).

8

Ky. Jan. 26, 2011) (collecting cases); *see also Pennebaker v. Rewerts*, No. 17-12196, 2020 U.S. Dist. LEXIS 131919, at *14 (E.D. Mich. July 27, 2020). However, the Sixth Circuit has held that conceding guilt to one count as part of defense strategy requires consent. *See Valenzuela v. United States*, 217 Fed. Appx. 486, 490 (6th Cir. 2007).

Hutchins claims he did not consent to this trial strategy. To that extent, the Court finds his account of the interaction with trial counsel [or lack thereof] lacks credibility. To the extent the Court is persuaded that Hutchins did not consent to trial counsel's closing argument strategy, it finds any deficient performance was not prejudicial because the jury had the opportunity to hear Hutchins' own words on the recorded jail call when he openly admitted he possessed the firearm and was trying to hide it as officers approached. That evidence outweighed any harm done by trial counsel admitting guilt during closing arguments. Accordingly, this aspect of trial counsel's performance was not prejudicial and this ground for relief is denied. *See Bullard* at 661.

h. **Jury Knowledge of Criminal History**

In his supplemental filings, Hutchins argues trial counsel was ineffective for not requesting a mistrial after a portion of the detective's report that included a notation to Hutchins' criminal history was mistakenly presented to the jury. Doc. 103, Doc. 107 at p. 9. In the reply, Hutchins indicates he was prejudiced because the jury saw his criminal history. Doc. 128 at p. 27.

Although the Government quickly addressed this matter during sidebar and the Court agreed that the jury did not see the information (*Transcript of Jury Trial Volume 3*, Doc. 84 at pp. 132-33), this oversight of trial counsel was conceivably deficient. However, Hutchins has not provided information, argument, or details as to how the report being shown to the jury was prejudicial in his case. *See Bullard* at 661. Further, by nature of the *Stipulation* (Doc. 51) wherein

9

the parties stipulated that prior to the time of the underlying offenses in this case, Hutchins had been convicted for the distribution of crack and served more than 12 years of imprisonment within the last 15 years, the jury was well-aware of Hutchins' criminal history, at least in part. Taken together, Hutchins has not shown prejudice caused by trial counsel for failing to request a mistrial after the report was shown to the jury. *See Bullard* at 661. This ground for relief is denied.

### i. Career Offender Designation

Hutchins next argues that trial counsel was negligent by not giving him the opportunity to review his revised presentence report ("PSR"), which he alleges improperly resulted in a higher sentence because the PSR wrongly counted a prior cocaine conviction as a predicate for the career offender designation. Doc. 107 at p. 10. His last argument incorporates the same issue – that trial counsel should have objected to the career offender designation. Doc. 116. However, Hutchins' arguments are directly conflicted by the record. Trial counsel filed a motion to continue sentencing based on Hutchins' belief about his predicate offenses (Doc. 67). Further, when an issue is addressed by the appellate court on direct appeal [like the career offender designation here], a petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). Accordingly, these grounds for relief lack merit and are denied.[4]

### j. Objection to Jury

Trial counsel was allegedly also ineffective when he did not object to the jury makeup, which Hutchins claims was improper because the jury was not racially diverse or from areas he

---

[4] Hutchins has also filed the related *Motion to Subpoena Documents for Sentencing Argument* (Doc. 117), requesting that the Court subpoena prior arrest records pertaining to the predicate offenses. This motion is similarly DENIED.

frequented. Doc. 107 at p. 11. In his reply, Hutchins cites *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975), stating "the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." Doc. 128 at pp. 32–33.

Hutchins is correct that the Sixth Amendment guarantees him to a right to trial by an impartial jury, part of which includes that courts "select all grand and petit juries at random from a fair cross section of the community in the judicial district or division where the court convenes." *Taylor* at 528–29. However, this requirement focuses on the procedure for selecting juries, which does not require that juries chosen must actually mirror the community. *United States v. Johnson*, 95 F.4th 404, 410 (6th Cir. 2024). Further, to establish a prima facie case for a fair-cross-section claim, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).

Hutchins has made no such showing, or even a suggestion here. He contends that the jury should have been from Cleveland, Akron, Canton, Elyria, or Lorain, because that is where he frequented. However, this makeup is not what the Sixth Amendment requires. *See Johnson* at 410. As such, trial counsel's representation was not deficient when he did not make a baseless objection. *See Strickland* at 688. This last ground for relief is denied.

IV. **HUTCHINS' ACCOMPANYING MOTIONS**

Hutchins has also filed a *Motion to Appoint Counsel* (Doc. 109) and a *Motion for Evidentiary Hearing* (Doc. 108). The Court may appoint counsel for a financially eligible

11

individual in a § 2255 proceeding when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The Court finds the issues herein are neither complex nor meritorious, therefore there is no basis for the appointment of counsel. Accordingly, the *Motion to Appoint Counsel* (Doc. 109) is DENIED. In a § 2255 proceeding, "no evidentiary hearing is necessary when a movant's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Norwood v. United States*, No. 23-1684, 2025 U.S. App. LEXIS 2683, at *5 (6th Cir. Feb. 5, 2025) (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). As Hutchins' claims all lack merit and/or are contradicted by the record, an evidentiary hearing is not necessary. Accordingly, the *Motion for Evidentiary Hearing* (Doc. 108) is DENIED.

Hutchins also filed the *Motion for a New Judge* (Doc. 110) wherein he asks this Court for a new judge due to "movant [] felt that Judge John R. Adams was very bias" due to the vehicle Hutchins drives. A judge is required to recuse from any proceeding "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This includes when a judge "has a personal bias or prejudice" against a party. 28 U.S.C. § 455(b)(1). In his request, Hutchins is referring to this Court's statements about his vehicle during sentencing: "And he's driving an expensive vehicle. Whether old or new, a Mercedes is certainly a, shall we say, a vehicle at the higher end. And he's got all the accoutrements of the drug trafficking trade in such quick order." *See Sentencing Transcript*, Doc. 78, at pp. 49–50. The Court's factual observations about Hutchins' lavish lifestyle that was financed via his illicit activities shortly after being released from a long period of incarceration do not evidence bias in any manner. Rather, they go directly to a relevant sentencing factor, the history and characteristics of the defendant. Accordingly, the *Motion for a New Judge* (Doc. 110) is DENIED.

Last, Hutchins filed the *Motion to Compel the Government to Send Petitioner Discovery Evidence* (Doc. 125), the *Motion to Supplement Cleveland Police Officers Name* (Doc. 129), and the *Motion to Compel the Court to Order the Government to Disclose Witness List* (Doc. 130). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, Rule 6 of the Rules Governing Section 2255 Proceedings permits discovery only with leave of court after a showing of good cause, such as "specific allegations" that, if proven, would demonstrate a petitioner is entitled to relief. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (citations omitted). Hutchins' claims lack merit and his requests for discovery are only vaguely tied to his allegations, therefore, he has not shown good cause for discovery in this proceeding. Accordingly, the *Motion to Compel the Government to Send Petitioner Discovery Evidence* (Doc. 125), the *Motion to Supplement Cleveland Police Officers Name* (Doc. 129), and the *Motion to Compel the Court to Order the Government to Disclose Witness List* (Doc. 130) are DENIED.

V.     CONCLUSION

For the foregoing reasons, Hutchins' *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 100) and the accompanying supplements (Docs. 103, 107, 116, 131) are DENIED.

Hutchins' additional motions as set forth herein (Docs. 101, 108, 109, 110, 111, 117, 125, 129, and 130) are DENIED.

**IT IS SO ORDERED.**

June 30, 2025                                           */s/ John R. Adams*
DATE                                                   JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE